UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JEREMY ROSS MARJAMAA,

        Plaintiff,

v.

DOUGLAS MITCHELL,

        Defendant.

_____/

Case No. 2:19-cv-197

Honorable Paul L. Maloney

## **OPINION**

      This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Plaintiff's complaint is not properly dismissed under 1915A; but, the Court's preliminary review reveals that the Court must presently abstain from proceeding with the case under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 44-55 (1971).

**Discussion**

I.   **Factual Allegations**

Plaintiff Jeremy Ross Marjamaa is presently detained at the Chippewa County Jail in Sault Sainte Marie, Michigan. The events about which he complains occurred prior to his arrest. Plaintiff sues Chippewa County Sheriff's Department Detective Douglas Mitchell.

Plaintiff alleges that Defendant Mitchell prepared an affidavit in support of a search warrant that was approved by a judge or magistrate. The warrant covered a 2007 Kia vehicle. The execution of the warrant apparently led to the discovery of evidence that resulted in criminal charges against Plaintiff and his arrest. Plaintiff alleges that the search warrant is part of pending criminal case against him. (Compl., ECF No. 1, PageID.6.)

Plaintiff claims that the affidavit supporting the warrant is invalid because it contains false statements. He sues Defendant Mitchell for intentionally inserting false statements into the affidavit. Plaintiff also claims that, even without the false statements, the affidavit is defective because it does not support a finding of probable cause.

Plaintiff claims that Defendant Mitchell violated Plaintiff's rights under the Fourth Amendment. As relief, Plaintiff seeks compensatory and punitive damages.

II.   **Abstention**

According to the complaint, Plaintiff's lawsuit challenges a search warrant that relates to a pending criminal case. Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44-55 (1971). This principle is based on notions of equity and comity, "and a continuance of the belief that the

National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff alleges that the search warrant relates to a criminal case that is ongoing. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges to the search warrant. He can file a motion to suppress evidence obtained through the warrant. Michigan courts routinely consider such motions. *See People v.*

3

*Franklin*, 894 N.W.2d 561, 574 (Mich. 2017) (affirming trial court's decision to hold an evidentiary hearing to evaluate the validity of a search warrant affidavit, the result of which led to the suppression of evidence and the dismissal of charges against the defendant). Indeed, "'[a]bstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims.'" *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings.

Furthermore, Plaintiff's allegations do not implicate any of the *Younger* exceptions. He alleges that Defendant Mitchell acted in bad faith in preparing the search warrant; however, he does not allege bad faith by the prosecutor in connection with the criminal prosecution, harassment, a flagrantly unconstitutional statute, or an extraordinarily pressing need for federal relief. Thus, the *Younger* abstention doctrine applies here. *Cf. Michel v. City of Akron*, 278 F. App'x 477, 479 (6th Cir. 2008) (affirming application of *Younger* abstention to claim that defendants violated the plaintiff's Fourth Amendment rights when searching his property). Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review Defendant Mitchell's actions in connection with the search warrant.

*Younger* abstention sometimes warrants dismissal of a claim without prejudice. However, where the only relief sought by the plaintiff is damages, the Court "must stay the case instead of exercising its discretion to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary*.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Carroll v. City*

*of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention").

Plaintiff seeks only damages. He does not seek equitable or declaratory relief. Consequently, "*Quackenbush* prevents the [Court] from even exercising its discretion and deciding to dismiss the case." *Id.* Accordingly, the Court will stay the claims against Defendant Mitchell.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the claims against Defendant Mitchell will be stayed.

An order consistent with this opinion will be entered.

Dated: November 8, 2019    /s/ Paul L. Maloney
            Paul L. Maloney
            United States District Judge